UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANDA TORRES AMARO,

    Plaintiff,

v.                                              Case No. 8:22-cv-1227-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

I.

**A.    Procedural Background**

Plaintiff filed an application for SSI (Tr. 198). The Social Security Administration ("SSA") denied Plaintiff's claim both initially and upon reconsideration (Tr. 73, 115). Plaintiff then requested an administrative hearing (Tr. 135–40). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

and testified (Tr. 39–72). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 33). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

      **B.**      **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1979, claimed disability beginning November 15, 2014[2] (Tr. 198). Plaintiff obtained a high school education plus one year of college (Tr. 224). Plaintiff had no past relevant work experience (Tr. 31). Plaintiff alleged disability due to Von Willierand Disease, Anxiety, Bipolar, Epilepsy, Herniated Disc in Neck and Back, High Blood Pressure, Manic Depression, Memory Loss, Migraines, PTSD, Seizures, and Right Frontal Lobe Brain Damage (Tr. 223).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 11, 2020, the application date (Tr. 24). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: seizure disorder,

---

[2] The ALJ explained that Plaintiff "impliedly requested" reopening of her 2015 application by alleging a disability onset date prior to the previous final determination, which occurred on October 28, 2015 (Tr. 22, 74, 92, 198, 232). However, the ALJ determined that the prior application may not be reopened because more than two years had passed since the final determination (Tr. 22). The ALJ found that the relevant period here began on June 11, 2020, the date of Plaintiff's most recent SSI application (Tr. 22–23). Plaintiff does not dispute this finding; accordingly, the Court will use June 11, 2020 as the alleged onset date (*see* Doc. 18).

2

degenerative disc disease, diabetes mellitus, obesity, bipolar disorder, and post-traumatic stress disorder (Tr. 24). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 26). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 416.967(b) except the claimant can never climb ladders, ropes, or scaffolding and can frequently climb ramps and stairs. There should be no hazardous machinery. The claimant is limited to jobs that would be simple routine repetitive tasks with no detailed instructions.

(Tr. 27). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 28).

The ALJ considered Plaintiff's noted impairments and the assessment of a vocational expert ("VE"). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a routing clerk (DOT #222.687-022), marker II (DOT #920.687-126), and paper pattern folder (DOT #794.687-034) (Tr. 32). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 32).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 416.920(a)(4)(i)-(iv). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age,

4

education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether

the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by "failing to properly evaluate the plaintiff's symptoms from her migraine headaches" pursuant to 20 C.F.R. § 416.929 and SSR 16-3p (Doc. 18, at 6). For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. § 416.929. A claimant's statement as to pain or other symptoms shall not alone be conclusive evidence of disability, however. 20 C.F.R. § 416.929(a). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. § 416.929. Consideration of a claimant's symptoms thus involves a two-step process, wherein the Commissioner first considers whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the claimant's symptoms, such as pain. 20 C.F.R. § 416.929(b); Social Security

Ruling ("SSR") 16-3p, 2017 WL 5180304, at *3–9.  If the Commissioner determines that an underlying physical or mental impairment could reasonably be expected to produce the claimant's symptoms, the Commissioner evaluates the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities.  20 C.F.R. § 416.929(c); SSR 16-3p, 2017 WL 5180304, at *3–9.  When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so.  *Wilson*, 284 F.3d at 1225 (citation omitted).  A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record.  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*).  "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (internal quotation marks omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 740 (11th Cir. 2017).

Here, the ALJ found that Plaintiff's migraine headaches were a medically determinable impairment at step two but concluded that they were not a severe impairment (Tr. 27). In reaching this conclusion, the ALJ evaluated her subjective symptoms pursuant to 20 C.F.R. § 416.929 and SSR 16-3p (Tr. 27). The ALJ first acknowledged that Plaintiff had a history of migraines for which she was prescribed

Fioricet, the brand name for a medicine containing a combination of butalbital, acetaminophen, and caffeine (Tr. 25, 375). The ALJ noted that there was no objective evidence that Plaintiff's migraines caused ongoing problems and "her medication has simply been refilled as needed" (Tr. 25, 226, 260, 368, 375, 545, 622, 629, 705, 712, 800, 807, 895, 902). The ALJ noted that the record did not contain complaints of ongoing headaches except for once: On August 14, 2020 Plaintiff complained of headaches when Plaintiff was out of her medications and had not been taking the medication for two months (Tr. 25, 612, 614). Plaintiff was again prescribed Fioricet (Tr. 25, 614). Thus, the ALJ concluded that Plaintiff's headaches did not significantly limit the claimant's ability to perform basic work activities and were therefore "non-severe" (Tr. 25). The ALJ later noted that a May 2019 brain MRI was normal (Tr. 25, 83, 433). In addition, the ALJ elsewhere noted that Plaintiff's medications were effective (Tr. 30).

Before describing Plaintiff's arguments, the Court finds it necessary to note that Plaintiff's two arguments contain no legal authorities to support her position (*see* Doc. 18, at 7–9). On this basis, the Eleventh Circuit has authorized district courts to find such arguments waived. *Outlaw v. Barnhart*, 197 Fed. App'x 825, 828 n.3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority about the claim); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are

generally deemed to be waived."). Despite such a cursory treatment of the issues presented, the Court will address each of Plaintiff's arguments.

Plaintiff argues that the ALJ's failure to ask follow-up questions about Plaintiff's migraines "would give a reasonable person the impression" that the ALJ had "already made up his mind about the claimant's symptoms from her migraine headaches (or lack of symptoms), before even hearing all of her testimony" (Doc. 18, at 8). Plaintiff states that she testified that she had migraine headaches about seven times per month, but the ALJ did not ask Plaintiff to elaborate on the severity and frequency of the headaches or permit her representative to do so and instead moved directly to the VE's testimony (Tr. 8, 58). Nevertheless, after the VE's testimony was provided, Plaintiff's representative asked Plaintiff questions about the severity of her migraines (Tr. 61–63). Plaintiff acknowledges this and maintains instead that "the better practice would be to allow the claimant to finish testifying, before questioning the vocational witness" and that "[t]his is generally the procedure with almost all Administrative Law Judges, except this particular one" (Doc. 18, at 8).

Plaintiff cites no legal authority that the ALJ's order of Plaintiff's questioning was error and makes no argument regarding how this order of questioning—if erroneous—would be harmful error (*see* Doc. 18). Additionally, to the extent Plaintiff attempts to argue the ALJ was somehow biased, Plaintiff's argument also fails. Not only does Plaintiff fail to cite any legal authority in support, but Plaintiff also fails to cite any record evidence that the ALJ had "already made up his mind

9

about the claimant's symptoms from her migraine headaches (or lack of symptoms), before even hearing all of her testimony" (Doc. 18, at 7–8). Indeed, the ALJ asked Plaintiff several questions about her migraines, including their frequency (Tr. 51, 55–56).

The Commissioner notes that Plaintiff "appears to raise a record development issue, implying that the ALJ should have asked Plaintiff more questions about migraine symptoms before proceeding with obtaining the vocational expert's testimony at the hearing" (Doc. 19, at 10). It is unclear that this is what Plaintiff is arguing but to the extent this argument has been set forth, it is meritless. Although the ALJ has a duty to develop the record, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997); *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (indicating remand is necessary only where "the record reveals evidentiary gaps which result in unfairness or 'clear prejudice'"). Plaintiff has specified no such evidentiary gaps, choosing instead to argue that the ALJ's failure to ask follow-up questions about Plaintiff's migraines "would give a reasonable person the impression" that the ALJ had "already made up his mind about the claimant's symptoms from her migraine headaches (or lack of symptoms), before even hearing all of her testimony" (Doc. 18, at 8). At any rate, given that Plaintiff's attorney

10

followed up with additional questions after the VE's testimony, it is unlikely Plaintiff could have made this showing of an evidentiary gap (Tr. 61–63).

Plaintiff also takes issue with the ALJ's analysis with regard to the severity of Plaintiff's migraines. In his analysis, the ALJ compared Plaintiff's statements to the agency in connection with her claim for SSI benefits with statements she made to medical providers (Tr. 25, 28). As the ALJ noted, Plaintiff has a history of migraines and Plaintiff testified at the January 2022 hearing that she had gets migraines several times per month that last for hours (Tr. 25, 28, 55, 61–62). However, the ALJ noted she did not make similar "ongoing" reports about migraines to her medical providers during the relevant period (Tr. 25, 28). Additionally, the ALJ found that her medication was effective (Tr. 25, 612, 614).

The fact that Plaintiff complained about headaches to her medical providers only once during the same two-year period in which she alleges she had migraines seven times per month is highly persuasive evidence that supports the ALJ's conclusion to discount Plaintiff's subjective complaints (Tr. 25, 612, 614). *See Wilson*, 284 F.3d at 1226 (finding the ALJ properly considered that despite several visits to medical providers from 1986 to 1992, the claimant did not complain of pain). Moreover, the fact that the only time she complained of her migraines was in August 2020 when she was out of medication is similarly highly persuasive evidence that her medication was effective and the migraines were not severe (Tr. 25, 612, 614). Indeed, SSR-16-3p provides that the effectiveness of medication is a relevant factor when evaluating the intensity and persistence of a claimant's symptoms, and

11

determining the extent to which symptoms, such as pain, limit the claimant's capacity for work. SSR 16-3p, 2017 WL 5180304. Plaintiff cites to SSR 16-3p for the proposition that "[p]ersistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, referrals to specialists, or changing treatment sources may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent." SSR 16-3p, 2017 WL 5180304. However, there is no record evidence beyond Plaintiff's own testimony that Plaintiff attempted to obtain relief of symptoms through increasing dosages, changing medications, requesting referrals to specialists, or changing treatment sources.

Plaintiff does not dispute the accuracy of the evidence the ALJ relied upon; indeed, Plaintiff acknowledges that "treatment notes do not reflect specific complaints regarding Plaintiff's migraine headaches, except for the treatment note on August 14, 2020" (Doc. 18, at 8). Plaintiff argues that this "lack of specific complaints regarding migraine headaches at doctor's appointments" is not the only factor the ALJ should have considered (Doc. 18, at 8). Instead, Plaintiff posits that if she "has had migraine headaches for years, tried different modalities to reduce the severity and frequency of the migraines, and these modalities have failed at some point you would expect an individual to quit complaining about her condition" and instead "just learn to live with the pain and symptoms" (Doc. 18, at 8). Critically, Plaintiff asks the Court to substitute its own judgment for that of the ALJ. Again,

the task of this Court is to determine whether substantial evidence supports the ALJ's decision. *Winschel*, 631 F.3d at 1178.

## IV.

The Court finds that the ALJ properly discounted Plaintiff's subjective testimony by articulating explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225 (citation omitted). The ALJ explained its reasoning and supported it with evidence in the record. That the ALJ found it persuasive that Plaintiff's medication was effective in preventing her migraines is a matter of weighing of the evidence that the ALJ supported with substantial evidence. Plaintiff's mere disagreement with the ALJ's findings is not a basis for reversal. Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 15th day of August, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

13